UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LEVENSTON HALL, ) | |
| ) | |
| Plaintiff *pro se*, ) | No. 06-1034 (JDB) |
| ) | |
| v. ) | |
| ) | |
| ADMINISTRATIVE OFFICES OF THE ) | |
| UNITED STATES COURTS, <u>et al.</u>, ) | |
| ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

Defendants Administrative Offices of the United States Courts ("AOUSC") and Melissa Suniga, by and through undersigned counsel, pursuant to Fed. R. Civ. P., Rules 12(b)(1), 12(b)(3) and 12(b)(6), have moved to dismiss plaintiff's Complaint, and provide the following memorandum of points and authorities in support thereof.

**I.   Introduction**

Plaintiff files this action against defendants AOUSC and Melissa Suniga[1] under the Federal Tort Claims Act (FTCA) for alleged negligent preparation of plaintiff's Presentence Investigation Report ("PSR") in the criminal case of <u>United States v. Levenston Hall</u>, Crim. No. W-98-006, in U.S. District Court for the Western District of Texas.  (<u>See</u> Plaintiff's Complaint). Allegedly, defendant Suniga negligently prepared the PSR in plaintiff's case (in which he is a criminal defendant), attributing to plaintiff "the actions of a different individual using the same name." (<u>Id</u>. at ¶6).  Plaintiff claims that because of the aforementioned alleged error by

---

[1] Defendant Suniga was not served in her individual capacity.

Defendant Suniga, he was sentenced to 235 months in prison instead of the 36 months or less he would have received had the PSR been prepared correctly.[2] (Id. at ¶11).

On August 10, 1998, following a jury trial, plaintiff was found guilty of Possession with Intent to Distribute "Crack" Cocaine (21 U.S.C. 841(a)(1)) and Distribution of "Crack" Cocaine (21 U.S.C. 841(a)(1))(Exhibit 1 to Motion to Dismiss, Declaration of Melissa Suniga, ¶ 2). A Presentence Investigation Report was ordered, and on October 8, 1998 Defendant Suniga provided the PSR in this case to plaintiff's criminal defense attorney. (Exhibit 1, ¶ 3 and Complaint, Exhibit A).

On November 4, 1998, a sentencing hearing was held in plaintiff's criminal case. Following this hearing, United States District Court Judge Walter S. Smith, Jr., adopted the findings of the PSR over objections by plaintiff through his criminal defense counsel. (Exhibit 1, ¶ 5)  Plaintiff was sentenced to 235 months of incarceration. (Complaint, ¶11).

Plaintiff filed an administrative claim under the Federal Tort Claims Act on January 26, 2006 against "United States Probation Department, Administrative Offices of the United States Courts," seeking $50 million in damages for wrongful imprisonment, lost wages, and personal injuries allegedly sustained as a result of the errors in his PSR. (Complaint, Exhibit B).  On April 13, 2006, John Chastain, Assistant General Counsel of AOUSC, sent a certified letter to plaintiff as formal notification that AOUSC denied his administrative tort claim on the grounds of absolute immunity under 28 U.S.C. 2674, and because he failed to prove negligence on the part of a federal officer or employee. (Plaintiff's Complaint, Exhibit C).

---

[2] Plaintiff Hall's conviction and sentencing were upheld on appeal. United States v. Hall, 235 F.3d 1341 (5th Cir. 2000) (WL, No. 99-50838).

Plaintiff filed the instant civil action on June 5, 2006.

## II.     Defendants Administrative Offices of United States Courts and Melissa Suniga Should Be Dismissed, and the United States Substituted as the Sole Defendant.

Federal Defendants, by and through undersigned counsel, respectfully move this Court to substitute the United States as the sole Federal Defendant in this action. The Federal Tort Claims Act ("FTCA"), 28 U.S.C. §2671, et seq., provides for substitution of the United States as the exclusive defendant whenever federal employees are sued for common law tort claims arising out of actions taken within the scope of their federal employment. Specifically, 28 U.S.C. § 2679(b)(1) states:

> The remedy against the United States provided by sections 1346(b) and 2672 of this title for injury or loss of property or personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment is exclusive of any other civil action or proceeding for money damages by reason of the same subject matter against the employee whose act or omission gave rise to the claim or against the estate of such employee.

Similarly, 28 U.S.C. § 2679(d)(1) provides:

> Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a United States district court shall be deemed an action against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant.

The effect of the statute is clear. Once the Attorney General or his designee certifies that an individually sued federal defendant was acting within the scope of his employment, the United States must be substituted as the exclusive defendant for all common law tort claims. Moreover, once substituted, all provisions and exclusions of the FTCA apply as if the United States were sued in the first instance. 28 U.S.C. § 2679(d)(4).

3

Plaintiff brings the above-captioned action against Federal Defendants, Administrative Office of U.S. Courts and Probation Officer Melissa Suniga, seeking damages for alleged negligent preparation of plaintiff's PSR when he was defendant in a criminal case in Texas. (See generally Complaint). In this case, therefore, the United States should be substituted as the exclusive defendant. The Attorney General has delegated his authority to issue certifications to the various United States Attorneys. 28 C.F.R. § 15.4. On March 20, 2006, the United States Attorney first redelegated that authority to Rudolph Contreras, Chief of the Civil Division of the United States Attorney's Office. Attached hereto is a certification by Mr. Contreras that the individual federal defendant Probation Officer Melissa Suniga was acting within the scope of her employment with the United States at the time of the incidents alleged in plaintiff's complaint. Accordingly, the United States "shall" be substituted as the exclusive defendant. 28 U.S.C. § 2679.

**III.     This Case Should be Dismissed Because Venue is Improper.**

Venue does not lie in this jurisdiction for plaintiff's claims under the FTCA.

> Any civil action on a tort claim against the United States under subsection (b) of section 1346 of [Title 28] may be prosecuted only in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred.

28 U.S.C. § 1402(b).[3]

---

[3] Under 28 U.S.C. § 1346(b):

> Subject to the provisions of chapter 171 of [title 28] the district courts, together with the United States District Court for the District of the Canal Zone and the District of the Virgin Islands, shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, accruing on or after January 1, 1945, for injury or loss of personal property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the

Therefore, where plaintiff does not reside in this district and the act complained of occurred outside this district, venue does not lie here. See Reuber v. United States, 750 F.2d 1039, 1046-48 (D.C. Cir. 1984); Bryant v. Carlson, 652 F. Supp. 1286, 1287 (D.D.C. 1987); Bartel v. Federal Aviation Admin., 617 F. Supp. 190, 198-99 (D.D.C. 1985). Plaintiff is currently incarcerated, and therefore resides, in Federal Prison in Terre Haute, Indiana, and the events alleged in the Complaint occurred in the Western District of Texas. (Complaint at ¶¶ 2-16). Therefore, plaintiff's claims under the FTCA could not be brought in this district under the applicable venue provision.

### IV. Defendant Suniga Is Entitled To Official Immunity With Respect To Any Claim Asserted Against Her In Her Individual Capacity

In addition, any claim against defendant Suniga in an individual capacity must also be dismissed because she is entitled to official immunity. Defendant Suniga, as probation officer, see Complaint, ¶ 2, 4, 5, is entitled to absolute immunity. She would, in any event, be shielded by qualified immunity with regard to any Constitutional or statutory claim plaintiff may be seeking to assert.

The Court of Appeals has defined the immunity afforded probation officers in the exercise of their official duties. They are absolutely immune from liability for damages in an action for alleged errors in the investigation and preparation of presentence reports. Turner v. Barry, 856 F.2d 1539, 1541 (D.C. Cir. 1988); see also Brown v. Nester, 753 F. Supp. 630, 632 (S.D. Miss. 1990) (absolute immunity for field parole officer); Jones v. Coughlin, 665 F. Supp.

---

Government..."

1040, 1046 (S.D.N.Y. 1987) (absolute immunity for parole defendants). Defendant Suniga is therefore entitled to absolute immunity for any actions taken regarding the preparation of plaintiff's Presentence Investigation Report.

Even if the Court concludes that absolute immunity is not available to defendant Suniga, she is shielded by qualified immunity with regard to any Constitutional or statutory claim plaintiff may be seeking to assert.

Federal officials enjoy a qualified immunity from constitutional and statutory claims. Cleavinger v. Saxner, 474 U.S. 193, 206 (1985); Procunier v. Navarette, 434 U.S. 555, 561 (1978). The framework for application of qualified immunity to such claims is set out in Harlow v. Fitzgerald, 457 U.S. 800 (1982). In that case, the Supreme Court confirmed that government officials are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. Id. at 818; see also Hunter v. District of Columbia, 943 F.2d 69, 75 (D.C. Cir. 1991). Moreover, under Harlow this determination requires an objective, not subjective, analysis. McSurely v. McClellan, 697 F.2d 309, 316 (D.C. Cir. 1982). Harlow thus places squarely on the plaintiff the burden of showing a "prima facie case of defendants' knowledge of impropriety, actual or constructive." Krohn v. United States, 742 F.2d 24, 31-32 (1st Cir. 1984); Davis v. Scherer, 468 U.S. 183, 191 (1984). Furthermore, as the Supreme Court has held,

> Unless the plaintiffs' allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery.

Mitchell v. Forsyth, 472 U.S. 511, 526 (1985).[4]

The paramount point to keep in mind in analyzing claims such as plaintiff's, therefore, is that neither the Court nor the plaintiff can engage in an inquiry into the state of mind of a defendant in the "threshold" resolution of qualified immunity claims. Harlow, 457 U.S. at 818. Subjective inquiries are legally irrelevant. The only inquiry of any import is whether the defendant's alleged actions violated clearly established law or were objectively reasonable. Brogsdale v. Barry, 926 F.2d 1184, 1189 (D.C. Cir. 1991).

As to the "clearly established" inquiry, defendant need not demonstrate that "the law was established in her favor at the time she acted." Rather, "[i]t is only necessary for [defendant] to show that the law was unsettled . . . not . . . that a Supreme Court opinion had specifically approved their actions." Zweibon v. Mitchell, 720 F.2d 162, 173-74 n.19 (D.C. Cir. 1983), cert. denied, 469 U.S. 880 (1984), reh. denied, 469 U.S. 1068 (1984); accord Brogsdale v. Barry, 926 F.2d at 1188-1192.

"[O]nce the trial judge determines the law was not clearly established at the time the contested conduct occurred, the inquiry ceases." Zweibon, 720 F.2d at 168 (citing Harlow v. Fitzgerald). Given Harlow's focus, it is irrelevant whether the Court concludes that a complaint states a claim upon which relief may be granted, or even that the plaintiff's rights were in fact violated. "The decisive fact is not that a defendant's position turned out to be incorrect, but that the question was open at the time he acted." Mitchell v. Forsyth, 472 U.S. at 535; accord Brogsdale v. Barry.

---

[4] A defendant's right is to "immunity from suit" not a "defense to liability." Id.; see also Cleavinger v. Saxner, supra, 474 U.S. at 207-08.

Furthermore, as the Supreme Court and the Court of Appeals have explained,

> [t]he contours of the rights [the official is alleged to have violated] must be sufficiently clear that a reasonable officer would understand that what he is doing violates that right.

Anderson v. Creighton, 107 S. Ct. 3034, 3038 (1987); accord Hunter v. District of Columbia, 943 F.2d at 75-78; Brogsdale v. Barry, 926 F.2d at 1189; Martin v. Malhoyt, 830 F.2d 237, 253 (D.C. Cir. 1987). Thus, the Supreme Court held in Anderson, that even though plaintiff's Fourth Amendment rights were violated in that case, the defendant officers were entitled to qualified immunity from suit individually because they acted reasonably.

Plaintiff has not met his burden in this case. The complaint lacks any facts or allegations showing that defendant Suniga violated any clearly established constitutional rights of the plaintiff, let alone that she should have known she was doing so. Plaintiff suggest that some violation occurs when he alleges that defendant Suniga attributed to Plaintiff in the PSR the actions of a different individual using the same name. (Complaint, ¶ 7). A review of the PSR indicates that in it, defendant Suniga merely summarizes the offenses of which plaintiff was found guilty at the recently conducted trial, and calculates plaintiff's offense level under the Federal Sentencing Guidelines. (Complaint, Exhibit A, pages 3-14). The record also demonstrates that plaintiff filed objections to the PSR, and that the Texas District Court Judge who presided over the trial adopted the PSR over those objections. (Exhibit 1, ¶5). Accordingly, plaintiff has not met his initial burden necessary to defeat immunity, and his complaint against defendant Suniga in her individual capacity should be dismissed.

For these reasons, the defendant Melissa Suniga is protected in the exercise of her duties by immunity and plaintiff has failed to state a claim upon which relief can be granted.

**V.      Plaintiff's Complaint Was Not Timely Filed Under The FTCA**

Although plaintiff asserts that this Court has jurisdiction pursuant to the FTCA (Complaint ¶ 1), plaintiff initiated his claim well beyond the applicable limitations period of two years. The Federal Tort Claims Act's waiver of sovereign immunity is neither broad nor absolute. Instead, suits under the FTCA can be brought only under terms and conditions strictly prescribed by Congress. McNeil v. United States, 508 U.S. 106, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993). One such condition is that a claim must be brought within the applicable statute of limitations:

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate federal agency within two years after such claim accrues.

28 U.S.C. § 2401(b). Thus, the filing of an administrative claim within two years of the accrual of a cause of action is a jurisdictional prerequisite of filing suit under the FTCA. Suarez v. United States, 22 F.3d 1064, 1067 (11th Cir. 1994).

Plaintiff's action is time-barred as it was instituted more than seven years after accrual of any possible cause of action in this matter. Plaintiff was found guilty of Possession With Intent to Distribute "Crack" Cocaine and Distribution of "Crack" Cocaine on August 10, 1998, and the PSR was filed on September 25, 1998 and provided to plaintiff's defense counsel on October 8, 1998). (Complaint, Exhibit A ¶ 5; Exhibit 1, ¶5). Plaintiff claims in his Complaint that he informed Defendant Suniga of the inaccuracy of the PSR prior to sentencing. (Complaint, ¶ 9, 10). The sentencing in plaintiff's case occurred on November 4, 1998. (Exhibit 1, ¶5 ). Therefore, the alleged negligent preparation of the PSR, and the resulting "improperly extended" sentence incurred by plaintiff, both occurred over seven years before plaintiff's June 5, 2006

filing of his administrative claim under the FTCA.(Complaint, Exhibit B).  As a result, plaintiff's action is untimely filed, and should be dismissed.

**VI.**     **Plaintiff's Claims Are Barred By Res Judicata and Collateral Estoppel**

Under the related doctrines of res judicata and collateral estoppel, a final judgment on the merits of an action precludes the parties from relitigating issues that were or could have been finally decided; and once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first action.  Allen v. McCurry, 449 U.S. 90, 94 (1980); United States v. Mendoza,  464 U.S. 154, 158 (1984); Montana v. United States, 440 U.S. 147, 153 (1979); American Employers Insurance Company v. American Security Bank, 747 F.2d 1493, 1498 (D.C. Cir. 1984); I.A.M. National Pension Fund v. Industrial Gear Manufacturing Company, 723 F.2d 944, 947 (D.C. Cir. 1983); Jack Faucett Associates, Inc. v. American Telephone and Telegraph Company, 566 F. Supp. 296, 299 (D.D.C. 1983);  see also  Cutler v. Hayes, 549 F. Supp. 1341, 1343 (D.D.C. 1983), aff'd in part, rev'd in part 818 F.2d 879, 888 (D.C. Cir. 1987). No less deference is due a judgment in a criminal proceeding than civil proceeding. Institute National v. Continental Illinois National Bank, 858 F.2d 1264, 1271 (7th Cir. 1988); Byrd v. Smith, 693 F. Supp. 1199, 1201 (D.D.C. 1986) (citing McCord v. Bailey, 636 F.2d 606, 609 (D.C. Cir. 1980), cert. denied, 451 U.S. 983 (1981)).

Application of the doctrine of collateral estoppel "represents a decision that the needs of judicial finality and efficiency outweigh the possible gains of fairness or accuracy from continued litigation of an issue that previously has been considered by a competent tribunal." Nasem v. Brown, 595 F.2d 801, 806 (D.C. Cir. 1979).  Application of the doctrine thereby serves to relieve parties of the burdens attending multiple lawsuits; conserves judicial resources; minimizes the risk of forum-shopping, piecemeal litigation, and inconsistent decisions; and provides finality in

the resolution of disputes.  United States v. Mendoza, 464 U.S. 154, 158 (1984); Cutler v. Hayes, 549 F. Supp. at 1343; see Hardison v. Alexander, 655 F.2d 1281, 1288 (D.C. Cir. 1981).

As noted above, plaintiff alleges that he contested the accuracy of his Presentence Investigation Report and the issues were decided against him.  (Complaint, ¶ 9; Exhibit 1, ¶5). Plaintiff was convicted of and sentenced for Possession With Intent to Distribute "Crack" Cocaine and Distribution of "Crack" Cocaine in U.S. District Court for the Western District of Texas.   (Complaint, ¶ 4, 11; Exhibit A;, Exhibit 1, ¶5).  The sentence plaintiff was to receive was finally established at the sentencing hearing in his criminal cases. (Exhibit 1, ¶5).  The propriety of plaintiff's sentence having been so litigated and a final judgment having been entered, plaintiff is barred from relitigating in this forum that which he had a full and fair opportunity to litigate in another forum.

In any event, proof that plaintiff would not have been convicted and sentenced as he was but for the unconstitutional action by the government would call into question his conviction and sentence.  Under such circumstances, a plaintiff must first successfully overturn his conviction. Heck v. Humphrey, 512 U.S. 477, 481-89 (1994). As noted previously, plaintiff was unsuccessful in his attempts to overturn his conviction and sentence. United States v. Hall, 235 F.3d 1341 (5th Cir. 2000).

For the foregoing reasons, Plaintiff's Complaint should be dismissed in its entirety, with prejudice.

January 30, 2007                                  Respectfully submitted,


                                                  _____//_____
                                                  JEFFREY TAYLOR, D.C. BAR # 498610
                                                  United States Attorney

             //
-------------------------------------------
RUDOLPH  CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney




             //
-------------------------------------------
ALEXANDER D. SHOAIBI, D.C. BAR # 423587
Assistant United States Attorney
Judiciary Center Building
555 4th St., N.W., Civil Division
Washington, D.C.  20530
(202) 514-7236

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of January, 2007, a copy of the foregoing Motion to Dismiss was mailed, postage prepaid, to

>Levenston Hall, #82299-080
>Federal Prison Camp
>P.O. Box 12014
>Terre Haute, Indiana 47801


_____//_____
ALEXANDER D. SHOAIBI
Assistant United States Attorney

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **LEVENSTON HALL,** )<br> )<br>     **Plaintiff** *pro se*, )<br> )<br>     **v.** )<br> )<br>**ADMINISTRATIVE OFFICES OF THE** )<br>**UNITED STATES COURTS, <u>et</u> <u>al</u>.,** )<br> )<br> )<br>     **Defendants.** )<br>_____ ) | No. 06-1034 (JDB) |

## <u>ORDER</u>

**UPON CONSIDERATION** of defendant's motion to dismiss, it is hereby **ORDERED** that the motion is **GRANTED**, and that plaintiff's complaint is dismissed with prejudice.

_____
UNITED STATES DISTRICT JUDGE

Dated: _____, 2007.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LEVENSTON HALL, | ) |
| | ) |
|     **Plaintiff** *pro se*, | )    No. 06-1034 (JDB) |
| | ) |
|     v. | ) |
| | ) |
| ADMINISTRATIVE OFFICES OF THE | ) |
| UNITED STATES COURTS, <u>et al.</u>, | ) |
| | ) |
| | ) |
|     **Defendants.** | ) |
| | ) |

**DEFENDANTS' MOTION TO DISMISS**

    Defendants Administrative Offices of the United States Courts and Melissa Suniga, by counsel, respectfully move to dismiss *pro se* plaintiff's complaint pursuant to Fed. R. Civ. P., Rules 12(b)(1), 12(b)(3) and 12(b)(6). Attached is a memorandum of points and authorities in support of this motion to dismiss.

    *Pro se* Plaintiff is advised that if he fails to respond to this motion to dismiss, the Court may grant this motion and dismiss his case because of the failure to respond. See <u>Fox v. Strickland</u>, 837 F.2d 507 (D.C. Cir. 1988).

                                                               Respectfully submitted,

                                                                /s/

                                                      JEFFREY A. TAYLOR, D.C. Bar # 498610
                                                      United States Attorney

/s/
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

/s/
ALEXANDER D. SHOAIBI, D.C. Bar # 423587
Assistant United States Attorney
555 4th St., N.W.
Washington, D.C. 20530
(202) 514-7236
alexander.d.shoaibi@usdoj.gov