UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LEVENSTON HALL, | ) |
| | ) |
| Plaintiff *pro se*, | )   No. 06-1034 (JDB) |
| | ) |
| v. | ) |
| | ) |
| ADMINISTRATIVE OFFICES OF THE | ) |
| UNITED STATES COURTS, <u>et al.</u>, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS**

Defendants Administrative Offices of the United States Courts ("AOUSC") and Melissa Suniga, by and through undersigned counsel, reply to plaintiff's opposition to defendants' motion to dismiss as follows:

**I.    The Case Should Be Dismissed Because Venue Is Improper.**

Plaintiff's opposition fails to respond to the improper venue arguments raised in defendants' motion to dismiss. After conceding that the United States should be the sole defendant (and, therefore, agreeing that Probation Officer Melissa Suniga and the Administrative Offices of United States Courts should be dismissed as defendants), Plaintiff goes on to assert that because "the United States Probation Department" and the United States "maintain their headquarters in Washington, D.C.," the District of Columbia is the proper venue for this case. Plaintiff's Opposition at ¶3. This assertion ignores the federal statute on proper venue for civil actions on a tort claim against the United States, which states that such actions may be brought only in the judicial district where the plaintiff resides or where the act or omission complained of occurred. 28 U.S.C. § 1402(b). The proper venue for this case, therefore, lies either in Indiana,

where plaintiff is incarcerated, or in the Western District of Texas, where defendants allegedly did not "investigate and correct false information contained in Plaintiff's file." Plaintiff's Complaint, therefore, should be dismissed for improper venue.

## II.     Plaintiff's Complaint Was Not Timely Filed Under The FTCA

Understanding that any action based on defendant's 1998 refusal to change his PSR is barred by the two year statute of limitations, plaintiff now argues that defendants' refusal "to investigate and correct" allegedly false information from October 2005 through January 2006 are the acts from which the two year statute of limitations should be calculated, not the earlier refusal before his sentencing.  Plaintiff's Opposition at ¶¶ 4-5.  Prior to his 1998 sentencing, however, plaintiff informed Probation Officer Suniga of the alleged inaccuracies in his Presentence Report (PSR), and Ms. Suniga refused to change the PSR.  Complaint at ¶¶ 9-10.  Specifically, plaintiff claimed that the PSR was inaccurate because it "attribut(ed) to the Plaintiff...the actions of a different individual using the same name." Id. at ¶6.  Plaintiff then, through his criminal defense counsel, filed numerous objections to the PSR, and plaintiff's criminal attorney argued these objections at the November 4, 1998 sentencing hearing.  Defendant's Motion to Dismiss, Exhibit #1 (Declaration of Melissa Suniga) at ¶¶ 4-5.

Plaintiff cannot resurrect a seven year old claim by again asking defendant Suniga to change his PSR after she previously refused, objections were filed and denied by the sentencing judge, and sentencing took place.  The cause of action, if any, accrued in 1998, and plaintiff is barred from again asserting it in 2005.  Suarez v. United States, 22 F.3d 1064, 1067 (11th Cir. 1994).

**III.     Having Litigated The Propriety Of His Sentence, and Final Judgment Having Been Entered, Plaintiff's Claim Is Barred By Res Judicata and Collateral Estoppel.**

Plaintiff argues that because he again questions the accuracy of the PSR seven years after his objections to it were denied and sentencing occurred, defendants are obliged under the Privacy Act to "determine the accuracy of its files." Unfortunately for plaintiff, under the related doctrines of res judicata and collateral estoppel, a final judgment on the merits of an action precludes the parties from relitigating issues that were or could have been finally decided; and once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first action. American Employers Insurance Company v. American Security Bank, 747 F.2d 1493, 1498 (D.C. Cir. 1984). A judgment in a criminal proceeding is due the same deference as that in a civil proceeding. Byrd v. Smith, 693 F. Supp. 1199, 1201 (D.D.C. 1986) (citing McCord v. Bailey, 636 F.2d 606, 609 (D.C. Cir. 1980), cert. denied, 451 U.S. 983 (1981)).

Plaintiff's reliance on the case of Sellers v. Bureau of Prisons is misplaced, because the plaintiff in Sellers, an inmate in federal prison, questions the use of a presentence report already determined to be inaccurate in denying parole and making other decisions adverse to him. Sellers v. Bureau of Prisons, 959 F.2d.307, 308 (D.C.Cir. 1992). In Sellers, a 1979 presentence report incorrectly included a bank robbery charge in the prisoner's record, and the prisoner alleged that in 1986 the Parole Commission relied on that PSR in denying him parole. Id. The prisoner sued the Bureau of Prisons and the Parole Commission under the Privacy Act, alleging that these agencies failed to maintain accurate records and should be ordered to amend his records and be held liable for damages he sustained. Id. at 308-309. The Court held that as long

as the information in question is capable of being verified, the agencies "must take reasonable steps to maintain the accuracy of the information to assure fairness to the individual." Id. at 312.

Unlike Sellers, the alleged inaccuracy in plaintiff Hall's PSR was fully litigated following his objections prior to sentencing. This is not a case of failure to correct an admitted error in an agency record. Plaintiff's claims that he is not the person described in the PSR were considered and rejected by the probation officer and then by the trial court.

In addition, because the issues raised by plaintiff call into question his conviction and sentence (unlike Sellers, which dealt with opportunity for parole and treatment while incarcerated following conviction and sentence), plaintiff must first successfully overturn his conviction. Heck v. Humphrey, 512 U.S. 477, 481-89 (1994). Plaintiff, as noted previously, was unsuccessful in his attempts to overturn his conviction and sentence. United States v. Hall, 235 F.3d 1341 (5th Cir. 2000).

Finally, plaintiff has been warned previously that his attempts to reopen prior convictions that have not been overturned are frivolous. Hall v. Lorenz, 48 Fed. Appx. 481 (5th Cir. 2002). The United States Court of Appeals for the 5th Circuit found plaintiff's appeal of rulings made in his criminal case to be barred by Heck v. Humphrey (citations omitted) and by the applicable statute of limitations. Id. The Court dismissed plaintiff's appeal as frivolous, and issued a warning that any subsequent frivolous filing would be accompanied by sanctions. Id.

Defendants ask this Court to dismiss plaintiff's Complaint with prejudice, and order him to stop filing similarly frivolous motions that he finally must understand are without merit.

For the foregoing reasons, and for the reasons stated in Defendants' Motion to Dismiss, Plaintiff's Complaint should be dismissed in its entirety, with prejudice.

May 2, 2007                              Respectfully submitted,

                                         _____//_____
                                         JEFFREY TAYLOR, D.C. BAR # 498610
                                         United States Attorney


                                         _____//_____
                                         RUDOLPH  CONTRERAS, D.C. Bar # 434122
                                         Assistant United States Attorney



                                         _____//_____
                                         ALEXANDER D. SHOAIBI, D.C. BAR # 423587
                                         Assistant United States Attorney
                                         Judiciary Center Building
                                         555 4th St., N.W., Civil Division
                                         Washington, D.C.  20530
                                         (202) 514-7236

## CERTIFICATE OF SERVICE

 I hereby certify that on this 2nd day of May, 2007, a copy of the foregoing Motion to Dismiss was mailed, postage prepaid, to

> Levenston Hall, #82299-080
> Federal Prison Camp
> P.O. Box 12014
> Terre Haute, Indiana 47801

 _____//_____
 ALEXANDER D. SHOAIBI
 Assistant United States Attorney