UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LEVENSTON HALL,

    Plaintiff,

      v.

ADMINISTRATIVE OFFICE OF THE
UNITED STATES COURTS, *et al.*,

    Defendants.

Civil Action No.  06-1034 (JDB)

**MEMORANDUM OPINION**

      This matter is before the Court on defendants' motion to dismiss.  For the reasons

discussed below, the Court will dismiss this action for lack of subject matter jurisdiction.

I.  BACKGROUND

      Defendant Melissa Suniga was the Senior United States Probation Officer who prepared

plaintiff's presentence investigation report ("PSR") in September 1998.  Compl. ¶¶ 4-5 & Ex. A

(Presentence Investigation Report, Docket No. W-98-CR-006, United States District Court for the

Western District of Texas).  "[A] copy of the PSR was made available to [plaintiff's] criminal

defense counsel on October 8, 1998."  Defendants' Memorandum in Support of Motion to

Dismiss ("Defs.' Mot."), Declaration of Melissa Suniga ("Suniga Decl.") ¶ 3.  Plaintiff "filed

numerous objections to the PSR on October 12, 1998" through defense counsel, *id*. ¶ 4, yet

defendants "wrongfully refused to correct the PSR prior to sentencing."  Compl. ¶ 9.  At the

November 4, 1998 sentencing hearing, the presiding judge heard the parties' arguments, overruled

all of plaintiff's objections, and adopted the PSR's findings.  Suniga Decl. ¶ 5.

According to plaintiff, due to Ms. Suniga's negligence, the PSR attributed to plaintiff the actions of another individual using the same name, Ben Hall.  Compl. ¶¶ 7, 13.  For this reason, plaintiff allegedly "was sentenced to a term of 235 months of imprisonment with respect to a crime that would have fallen within the Sentencing Guideline Range of 36 months or less without reference to the activities of the other individual." *Id.* ¶ 10.  Plaintiff "repeated his request to [Ms.] Suniga, that she correct the PSR by deleting all references to activities of the other individual using the name 'Ben Hall' on October 17, 2005."  Compl. ¶ 13.  Again, Ms. Suniga allegedly "refused to correct the PSR." *Id.* ¶ 16.

Plaintiff filed an administrative claim against the United States Probation Department, Administrative Office of the United States Courts.  Compl., Ex. B (Claim for Damage, Injury or Death).  He alleged that Ms. Suniga's negligent actions on October 17, 2005 "caused tortious damages by virtue of prolonged wrongful imprisonment" because the PSR "mistakenly identifies him as the individual involved in a series of drug sales and direct interaction with the chief investigating police officer, while that officer has twice testified under oath that [plaintiff] is not the individual described in the reports (though he has the same name)." *Id.* (emphasis in original). The Administrative Office of the United States Courts denied plaintiff's request on April 13, 2006. *Id.*, Ex. C (letter from J.L. Chastain, Assistant General Counsel).

In this action, filed pursuant to the Federal Tort Claims Act ("FTCA"), *see* 28 U.S.C. § 2671 *et seq.*, plaintiff demands damages of $50 million as compensation for the injuries he has suffered, "including loss of liberty, lost wages and emotional distress," Compl. ¶ 12, as a result of his lengthy imprisonment.

## II.  DISCUSSION

### A.  The United States Is the Proper Party Defendant.

Only the United States can be a defendant to a claim under the FTCA.  28 U.S.C.

§ 2679(a); *Cox v. Sec'y of Labor*, 739 F. Supp. 28, 29 (D.D.C. 1990).  For this reason, defendants

move to substitute the United States as the sole federal defendant in this action.  *See* Defs.' Mot.

at 3.  Plaintiff consents to this substitution.  Plaintiff's Response to Motion to Dismiss ("Pl.'s

Opp'n") ¶ 2.  Defendants' request will be granted, and the United States will be substituted as the

sole party defendant in this action.

### B.  Plaintiff's FTCA Claim Was Not Filed Timely

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies

from suit."  *Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 475 (1994); *see United States v.*

*Mitchell*, 445 U.S. 535, 538 (1980); *United States v. Testan*, 424 U.S. 392, 399 (1976).  Generally,

the FTCA operates as a limited waiver of sovereign immunity, rendering the United States

amenable to suit for certain, but not all, tort claims.  *See, e.g., Richards v. United States*, 369 U.S.

1, 6 (1962).  A condition of this waiver of sovereign immunity is the timely presentation of a

claim to the appropriate federal government agency.  *See United States v. Kubrick*, 444 U.S. 111,

117 (1979).  The FTCA in relevant part provides:

> A tort claim against the United States shall be forever barred unless it
> is presented in writing to the appropriate Federal agency <u>within two</u>
> <u>years after such claim accrues</u> or unless action is begun within six
> months after the date of mailing, by certified or registered mail, of
> notice of final denial of the claim by the agency to which it was
> presented.

28 U.S.C. § 2401(b) (emphasis added).  Thus, the filing of such a claim with the agency is a

mandatory prerequisite to filing a lawsuit against the United States, and without it, the Court lacks

jurisdiction to entertain a tort claim against the United States.[1] *Jackson v. United States*, 730 F.2d 808, 809 (D.C. Cir. 1984); *Stokes v. United States Postal Serv.*, 937 F. Supp. 11, 14 (D.D.C. 1996). An FTCA claim accrues once the injured party knows both the fact of his injury and its cause. *See Kubrick*, 444 U.S. at 122; *Sexton v. United States*, 832 F.2d 629, 633 (D.C. Cir. 1987); *see also Loughlin v. United States*, 230 F. Supp. 2d 26, 39 (D.D.C. 2002) (FTCA claims involving contamination or damage to real property accrue when plaintiff discovers or should have discovered contamination on his property).

Defendants move to dismiss on the ground that plaintiff failed to file his claim within the FTCA's two-year statute of limitations. *See* Defs.' Mot. at 9-10. In their view, plaintiff's cause of action accrued no later than November 4, 1998, the date of his sentencing. *Id.* at 9. Defendants argue that "the alleged negligent preparation of the PSR, and the 'improperly extended' sentence incurred by plaintiff, both occurred seven years before plaintiff's June 5, 2006 filing of his administrative claim under the FTCA."[2] *Id.* at 9-10.

Plaintiff counters that his complaint "is not related to the initial preparation of the report but rather relates to the refusal to correct the [PSR] after plaintiff [] provided new evidence, never before made available to any court, that the report contains factually inaccurate statements." Pl.'s Opp'n ¶ 10. He states that these acts occurred between October 2005 and January 2006, during

---

[1]    A motion to dismiss pursuant to Rule 12(b)(1) can refer to material outside of the pleadings without being converted into a motion for summary judgment. *See, e.g., Herbert v. Nat'l Acad. of Sciences*, 974 F.2d 192, 197 (D.C. Cir. 1992); *Bonterra Am., Inc. v. Bestmann*, 907 F. Supp. 4, 5 n.1 (D.D.C. 1995) (noting that, "[i]n deciding a motion to dismiss a case for lack of subject matter jurisdiction, the Court may consider evidentiary matters outside the pleadings").

[2]    It appears that plaintiff's FTCA claim was dated January 26, 2006. *See* Compl., Ex. C. June 5, 2006 is the date on which the Clerk of Court provisionally filed plaintiff's papers on the Court's docket. *See id.*, Ex. B.

which time he provided documents supporting his claim.  *Id.* ¶ 5.  Plaintiff's position is that the

filing of his FTCA claim in February 2006 was timely, as was the filing of the instant complaint in

May 2006.[3]  *Id.* ¶¶ 6-8.

Notwithstanding plaintiff's request to Ms. Suniga for correction of the PSR in October

2005, it is clear from the Complaint that plaintiff was aware of the alleged inaccuracies in the PSR

in 1998.  At that time, plaintiff knew that the PSR attributed to him certain actions that he claims

were committed by another individual, that defendants refused to correct the PSR, and that the

injury he claims, the imposition of a 235-month prison sentence, was based on the allegedly

erroneous information.  Hence, he knew at that time both the fact of the injury he claims and its

alleged cause.  *See Kubrick*, 444 U.S. at 122.  The FTCA's two-year statute of limitations

therefore had run long before he submitted his administrative claim to the Administrative Office

of the United States Courts in 2005.

The arguments set forth in plaintiff's opposition and surreply stray far from the original

FTCA claim set forth in plaintiff's Complaint.  Although the Complaint clearly alleges negligence

giving rise to his FTCA claim, plaintiff now asserts arguments relevant only to a claim brought

under the Privacy Act, *see* 5 U.S.C. § 552a(e)(5).  *See* Pl.'s Opp'n ¶¶ 11-13, 24-28; Plaintiff's

Response to Defendant[s'] Reply in Support of Motion to Dismiss ("Pl.'s Surreply") at 1-2 (page

numbers designated by the Court).  What began as a negligence claim stemming from the

preparation of plaintiff's PSR in 1998 purportedly is transformed into a claim stemming from

---

[3]     The Clerk of Court received plaintiff's complaint and application to proceed *in forma pauperis* on May 22, 2006 and docketed these papers on June 5, 2006.  Upon receipt and review of financial information required under 28 U.S.C. § 1915, the court signed an Order on June 28, 2006 granting plaintiff's application to proceed *in forma pauperis*.  That Order was filed on June 30, 2006.

defendants' willful refusal to maintain accurate records pertaining to him.[4]

Even if plaintiff properly had brought a claim under the Privacy Act, the claim would fail. The Privacy Act requires that an individual file a civil action "within two years from the date on which the cause arises." 5 U.S.C. § 552a(g)(5). A claim arises when "the plaintiff knows or should know of the alleged violation." *Tijerina v. Walters*, 821 F.2d 789, 798 (D.C. Cir. 1987). Again, plaintiff knew of the alleged inaccuracies in the PSR in 1998, and a delay of roughly seven years would render a Privacy Act claim untimely.

### D. Plaintiff Fails to State a Claim for Damages

To the extent that plaintiff seeks damages resulting from his allegedly unlawful incarceration, he fails to state a claim upon which relief can be granted. In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into

---

[4] Even a liberal reading of plaintiff's *pro se* Complaint would not lead the Court to conclude that the Privacy Act is the statutory basis for this lawsuit. The Complaint clearly alleges defendants' negligence and the injuries resulting therefrom, and these allegations are the basis of plaintiff's tort claim. Reliance on the Privacy Act at this late date, however, particularly where plaintiff has made no effort to amend his complaint to add a new claim, is misplaced. "[P]laintiff cannot amend [his] complaint de facto to survive a motion to dismiss by asserting new claims for relief in [his] responsive pleadings." *Coll. Sports Council v. Gov't Accountability Office*, 421 F. Supp. 2d 59, 71 n.16 (D.D.C. 2006); *Arbitraje Casa de Cambio, S.A. de C.V. v. United States Postal Serv.*, 297 F. Supp. 2d 165, 170 (D.D.C. 2003) ("It is axiomatic that a complaint may not be amended by the briefs in opposition to a motion to dismiss.") (quoting *Coleman v. Pension Benefit Guar. Corp.*, 94 F. Supp. 2d 18, 24 n.8 (D.D.C. 2000)); *see also Shanahan v. City of Chicago*, 82 F.3d 776, 781 (7th Cir. 1996) (finding that allegations in response to summary judgment motion are not sufficient to amend complaint).

question by a federal court's issuance of a writ for habeas corpus, 28
U.S.C. § 2254.

*Id.* at 486-87; *see also Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *White v. Bowie*, 194 F.3d

175 (D.C. Cir. 1999) (table).  Absent a showing that plaintiff's conviction or sentence has been

overturned or declared invalid, then, he cannot recover damages under the FTCA.  *See Erlin v.*

*United States*, 364 F.3d 1127, 1133 (9th Cir. 2004) (FTCA claim "for negligently calculating a

prisoner's release date, or otherwise wrongfully imprisoning the prisoner, does not accrue until the

prisoner has established, in a direct or collateral attack on his imprisonment, that he is entitled to

release from custody"); *Bradshaw v. Jayaraman*, 205 F.3d 1339 (6th Cir. 1999) (table) (upholding

dismissal of FTCA and constitutional claims of ineffective assistance of appointed criminal

defense counsel under *Heck* because plaintiff "essentially challenge[d] the validity of his

conviction"); *Parris v. United States*, 45 F.3d 383, 385 (10th Cir.) (holding, in reliance on *Heck*,

that claim alleging legal malpractice by federal public defender resulting in unlawful incarceration

is not cognizable under FTCA "when it calls into question the validity of a prior conviction"),

*cert. denied*, 514 U.S. 1120 (1995).

## III.   CONCLUSION

The Court concludes that plaintiff's FTCA claim is untimely, thus depriving this Court of

subject matter jurisdiction.  Accordingly, the Court will grant defendants' motion to dismiss.  An

Order consistent with this Memorandum Opinion will be issued separately on this same date.

_____/s/_____
JOHN D. BATES
United States District Judge

Date:  August 3, 2007